IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK TYLER HORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:19-cv-229-TFM-B |
| | ) | |
| WARDEN STEWART, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 3, 2019, the Magistrate Judge entered a Report and Recommendation which recommends this habeas petition be dismissed without prejudice as premature. *See* Doc. 3. Objections were received on June 10 and July 13, 2019. *See* Docs. 6-7. Also pending before the Court is the Motion Objecting to the Appointment of Magistrate. *See* Doc. 5. The motion was docketed on June 5, 2019 when it was received by the Clerk's office. However, the date of the motion is May 27, 2019. Regardless, it was not received by the Court until after the report and recommendation was docketed.

As discussed below, the Court **DENIES** the motion objecting to the appointment of Magistrate (Doc. 5), **SUSTAINS in part** and **DENIES in part** the objections to the report and recommendation (Docs. 6-7), and **REJECTS** the Report and Recommendation (Doc. 3).

### I.    SELECTED PROCEDURAL HISTORY

Petitioner Derek Tyler Horton ("Horton" or "Petitioner") was originally convicted of three capital offenses in August 2012. On appeal, the Alabama Court of Criminal Appeals reversed the conviction and remanded the case for a new trial based upon several evidentiary rulings which required remand for a new trial. *See Horton v. State*, 217 So. 3d 27 (Ala. Crim. App. 2016).

On February 15, 2018, Horton originally filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Civ. Act. No. 1:18-cv-75-JB-B (S.D. Ala.) ("Horton I"). That case was before a different District Judge, but had the same Magistrate Judge assigned to this case. On March 21, 2019, the Magistrate Judge entered a Report and Recommendation which was ultimately adopted over the Petitioner's objections on April 24, 2019. *See id.,* Docs. 27, 30-33. Petitioner subsequently filed a Notice of Appeal, which was dismissed for want of prosecution on July 8, 2019. *See id.*, Docs. 35, 41. On July 12, 2019, Horton filed his motion to reinstate which the Eleventh Circuit granted on July 18, 2019.

On May 1, 2019, the Petitioner filed the instant suit under 28 U.S.C. § 2254. He brings essentially the same claims as those brought in Horton I – i.e. that double jeopardy applies to his re-trial for capital murder/robbery, capital murder/burglary, and capital murder/arson. *See* Civ. Act. No. 229-TFM-B (S.D. Ala.) ("Horton II"), Doc. 1. Petitioner notes he was convicted for those charges and sentenced to life without the possibility of parole. *Id*. at p. 2. He further states that his underlying state case is currently on appeal before the Alabama Court of Criminal Appeals. *Id*. at p. 3. He specifically asserts only one issue on this petition (double jeopardy) and even notes that "I am not raising any other issues not because I am deliberately witholding [sic] for strategical reasons or abandoning them but because they <u>are</u> unexhausted." *Id*. at p. 8. He argues that because the Court erred in Horton I, he has to re-raise it now as a § 2254 claim. *Id*. at p. 11.

Pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), the Court referred the matter to the assigned Magistrate Judge, who happened to be the same as assigned to Horton I. *See* Doc. 2. On June 3, 2019, the Magistrate Judge entered her Report and Recommendation wherein she finds that the habeas petition is premature because Petitioner has not yet exhausted his direct and post-conviction remedies available under Alabama law. *See generally* Doc. 3. She

also recommends denial of a certificate of appealability.

## II.    OBJECTIONS

As previously noted in the introduction, Petitioner filed a motion objecting to the referral, but it was not received until after a Report and Recommendation had already been entered.  *See* Docs. 3, 5.  Petitioner also filed several memoranda/objections relating both generally to the referral to any Magistrate Judge and then more specifically to the assigned Magistrate Judge – both before and after the entry of the report and recommendation.  *See* Docs. 4, 6-7.  The Court considered all of these documents in reviewing the case and the report and recommendation.

Finally, Petitioner also substantively objects to the Magistrate Judge's determination that his petition is premature.  *See* Doc. 6 at p. 2.  He states that he exhausted the double jeopardy claim through his petition for a writ of mandamus in the Alabama Court of Criminal Appeals and the Alabama Supreme Court – both of which were denied.  *Id*. at p. 2-6.

## III.    DISCUSSION AND ANALYSIS

Ultimately, with respect to recusal of the Magistrate Judge, the statutory standard has not been met and the Magistrate Judge's impartiality could not reasonably be questioned.  *See* 28 U.S.C. § 455.  "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  "To disqualify a judge under § 455, the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'"  *Johnson v. Am. Sec. Ins. Co.*, 392 F. App'x 838, 840 (11th Cir. 2010) (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)).  "'[A]dverse rulings alone do not provide a party with a basis for holding that court's impartiality in doubt.'" *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001), *abrogated on other grounds by Douglas*

*Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011) (citation omitted). "A motion to recuse, however, 'is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.'" *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *United States. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

Therefore, to the extent that Horton objects to this particular magistrate judge, his objections are overruled and the motion is denied.

Next, Horton objects to the referral to any magistrate judge, wants a district judge to review his case, and wants "an opinion from the [District] Judge [himself]." *See* Doc. 5 at p. 3. 28 U.S.C. § 636(b)(1) allows the district court to refer to the magistrate judge for recommendations on pretrial, case dispositive matters without a plaintiff's consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations[.]" *C.f. Roell v. Withrow*, 538 U.S. 580, 585, 123 S. Ct. 1696, 1700-01, 155 L. Ed. 2d 775 (2003) (discussing the difference between an involuntary referral under § 636(b)(1) and consent by the parties under § 636(c)). In the case at hand, Petitioner was treated no differently than any other litigant filing under 28 U.S.C. § 2254, as the case was referred pursuant to Local Rule 72, which states in pertinent part:

> Processing and reviewing habeas corpus petitions or applications filed pursuant to 28 U.S.C. § 2241, those filed by state prisoners pursuant to 28 U.S.C. § 2254, or by federal prisoners pursuant to 28 U.S.C. § 2255, and civil suits filed by state prisoners under 42 U.S.C. § 1983. Magistrate Judges have the authority torequire responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the application, petition, or claim[.]

S.D. Ala. GenLR 72(a)(2)(R). Therefore, to the extent Petitioner objects to the referral of the case to a Magistrate Judge, that is also overruled.

Finally, Horton asserts that dismissal without prejudice for failure to exhaust is erroneous. To the extent Petitioner objects to actions that occurred in Horton I, those matters are not before

the undersigned. The Court only has jurisdiction over this case and the petition brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Court has reviewed the record from both Horton I and Horton II simply because Petitioner references documents filed in both cases. The Court has the authority to take judicial notice of its own documents as well as records of other federal district courts. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).[1]

In this case, the Report and Recommendation concludes that this § 2254 is premature as the case is on direct appeal in the Alabama state court system. Therefore, Petitioner has failed to exhaust. However, the Court agrees with the Petitioner that binding precedent specifically states that he is not required to go through the direct appeal process when raising a challenge for double jeopardy, so long as he has exhausted his challenge through the established state court system. For this reason, the report and recommendation must be rejected.

The Court finds that the Magistrate Judge erred in determining that the case should be dismissed without prejudice for failure to exhaust because Horton's case is now on direct appeal subsequent to his re-conviction in state court.

> Although double jeopardy (if shown) would certainly be a proper defense to assert at trial and in post-conviction proceedings, the right consists of more than having the second conviction set aside. It consists of being protected from having to undergo the rigors and dangers of a second -- illegal -- trial. Double jeopardy is not a mere defense to a criminal charge; it is a right to be free from a second *prosecution*, not merely a second *punishment* for the same offense (though that is obviously included in the right.) The prohibition of the Double Jeopardy Clause is not against being twice punished, but against being twice put in jeopardy.

*Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (internal quotations and citations omitted; emphasis

---

[1]  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

in original).[2]  Further, "[b]ecause the [Double Jeopardy] Clause protects interests wholly unrelated to the propriety of any subsequent conviction, a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 303, 104 S. Ct. 1805, 1810, 80 L. Ed. 2d 311 (1984) (internal citations and quotation omitted).  In short, the fact Horton has again been convicted does not mean that he has to go through the entire State of Alabama appellate process prior to asserting his federal claim so long as he can show that he exhausted this specific issue.

The double jeopardy claim must first be raised in the circuit court via a motion, and a denial of the motion may be reviewed in the Alabama appellate courts by way of a petition for a writ of mandamus.  *See Ex parte Ziglar*, 669 So. 2d 133, 135 (Ala. 1995) ("[T]he appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus.  *See* ALA. R. APP. P. 21(e).  This procedure will adequately protect the interest of a defendant...so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial... A defense of double jeopardy must be timely raised at trial, or else it is waived.").  Petitioner satisfied this requirement when he raised the issue first by motion, then by petition for a writ of mandamus, which were denied at each level through the Alabama Supreme Court.  *See* Horton I, Docs. 1, 14, 26.

Moreover, his subsequent conviction does not moot or make premature his claim regarding double jeopardy merely because he can pursue his remedy in the state court system.  *See, e.g.* *Montano v. Tex.*, 867 F.3d 540, 544 (5th Cir. 2017) (internal citations and quotations omitted; emphasis added) ("The district court identified several state remedies that [Petitioner] had yet to

---

[2]  *Bonner*, *supra* note 1.

exhaust. First, it observed that if [Petitioner] is retried and convicted, he will have the opportunity to appeal that conviction in state court and, if unsuccessful, to seek state habeas relief. That, however, is precisely the argument we rejected in *Fain*. There, as here, the fact that [Petitioner] might prevail at trial—***or in a post-trial proceeding***—cannot provide relief, and is not a remedy in any meaningful sense, since the Double Jeopardy Clause protects against having to undergo the rigors and dangers of a second-illegal-trial in the first place."); *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("Although a jury convicted [Petitioner] a third time while his habeas petition was pending, [his] pretrial double jeopardy challenge to his third trial is not moot…[Petitioner] properly raised a pretrial double jeopardy challenge to his impending third trial, the pretrial challenge remains viable, and [his] habeas petition contains no unexhausted claims requiring dismissal."); *Reimnitz v. State's Attorney of Cook Cty.*, 761 F.2d 405, 408 (7th Cir. 1985) ("If [Petitioner] was retried in violation of the double-jeopardy clause, the judgment of conviction entered in that trial is invalid and must be set aside; and it would hardly do to subject him to further delay and uncertainty while he pursues his remedies in the state court system, merely because this court let the state retry him while his appeal to us was pending."); *see also Abney v. United States*, 431 U.S. 651, 660-61, 97 S. Ct. 2034, 2041, 52 L. Ed. 2d 651 (1977) ("To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment… However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.").

To be clear, the Court is in no way ruling on the substance or merits of Horton's double jeopardy claim. Rather, the Court acknowledges that, procedurally, he is correct. Because he

already presented the double jeopardy claim through the mandamus process, he satisfies the exhaustion requirement. *See Fain*, 488 F.2d at 224. The United States Supreme Court was clear when it discussed the "unique nature of the double jeopardy right," and the "recognition that the right cannot be fully vindicated on appeal following final judgment, since in part the Double Jeopardy Clause protects 'against being twice put to *trial* for the same offense.'" *Lydon*, 466 U.S. at 302-03, 104 S. Ct. at 1810 (quoting *Abney*, 431 U.S. at 661, 97 S. Ct. at 2041) (emphasis in original).

Despite the above determination, the Court overrules Horton's objections "requesting a date be set for oral argument on these objections and the merits of my petition and/or C.O.A." Doc. 6 at p. 6. The Eleventh Circuit currently has the the appeal of Horton's § 2241 case. *See Horton v. Cochran*, Civ. Act. No. 1:18-cv-75-JB-B (S.D. Ala. 2019), *appeal docketed*, No. 19-11788 (11th Cir. May 7, 2009).[3] Even Horton acknowledges that he only filed this § 2254 action because his § 2241 case was dismissed. Horton II, Doc. 1 at p. 7, 11; Doc. 1-1 at p. 2-3. Therefore, the Court finds it is more appropriate to stay this case pending the resolution of that appeal. The Court acknowledges that this slows the decision in this case, but it avoids duplicative efforts and the possibility of inconsistent rulings. Consequently, the Court will stay the review and resolution of this § 2254 case while Horton I is pending, as the Eleventh Circuit may resolve whether this case is necessary and render these proceedings unnecessary.

## IV.    CONCLUSION

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Report and

---

[3]    Only July 8, 2019, the Eleventh Circuit dismissed the appeal for want of prosecution because Horton failed to timely file a certified Prisoner's Financial Statement. On July 12, 2019, Horton filed his motion to reinstate, which was granted on July 18, 2019. *Id*.

Recommendation to which objection is made, it is **ORDERED** as follows:

(1) Petitioner's objections to the report and recommendation are **SUSTAINED in part OVERRULED in part**;

(2) The objections and motion relating to the appointment of the Magistrate Judge (Doc. 5) are **DENIED**;

(3)  The objections are sustained as to the dismissal for failure to exhaust;

(4) The Report and Recommendation (Doc. 3) is **REJECTED**;

(5) This case is **STAYED** and the Clerk of Court is **DIRECTED** to place this case on the administratively closed docket; and

(6) Petitioner Derek Horton is **DIRECTED** to keep the Court apprised of his Eleventh Circuit appeal – specifically, to notify the Court within thirty (30) days of receiving a ruling or opinion by the Eleventh Circuit on his appeal.

**DONE** and **ORDERED** this the 25th day of July 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE